# EXHIBIT F

## RECEIVER'S CERTIFICATE OF INDEBTEDNESS

1. This certificate of indebtedness is issued by J. Michael Issa (the "Receiver"), not individually, but on behalf of the receivership estate in his capacity as Receiver under Sections 17 and 18 of that certain Order Appointing Receiver entered in the above-captioned case on March 31, 2022 (the "Receivership Order").

2. Since there will be no ongoing proceeds from the Receivership Property until it is sold, and since the Receiver has been incurring fees and expenses, and will continue to incur fees and expenses, in performing his duties under the Receivership Order, the Receiver has requested that 54 Dyer, LP ("54 Dyer") extend a loan to the Receiver to cover fees and expenses pursuant to, and under the terms of, Sections 17 and 18 of the Receivership Order. The loan is to pay: (1) the attached Receiver's invoices No. 59431 and No. 59234, which total $54,083.60; (2) the Receiver's expenses from inception through June 17, 2022, as set forth in the attached Schedule I, which total $15,524.00; and (3) three months of anticipated ongoing expenses in the amount per month of $2,575, as set forth in the attached Schedule I, which total $7,725.00.

3. This certifies that there is due to 54 Dyer from the Receiver the principal sum of $77,332.60, together with interest thereon at the rate of 10% per annum, payable upon the sale of the Receivership Property as authorized by the Receivership Order.

4. As set forth in Section 18 of the Receivership Order, the principal and interest evidenced by this Certificate shall be a first and prior lien and security interest upon the Receivership Property, including all proceeds therefrom, in favor of 54 Dyer. These funds advanced by 54 Dyer and evidenced by the issuance of this Certificate shall be considered an advance made under the Loan Documents (as defined in the Receivership Order). The lien of this Certificate shall be prior and superior to the interest or lien of all judgment holders, mechanics'

lien claimants, partners, members, shareholders, and creditors of the Receivership Property.

5. This Certificate may be prepaid in whole or in part at any time without penalty. Notwithstanding an earlier maturity date, if the indebtedness evidenced hereby has not been paid in full before or pursuant to final distribution of the Receivership's Assets, this Certificate shall continue to be a first priority lien on all assets, real and personal, of the Receivership Property distributed in the final distribution of the Receiver's assets, and the indebtedness evidenced hereby shall be payable from any proceeds generated (a) upon the sale or refinance of the Receivership Property, from the proceeds thereof, or (b) upon collection of rental or other income from the Receivership Property, from the monies collected thereby, until such indebtedness is paid in.

6. All payments hereunder shall be applied first to the payment of any accrued and unpaid interest, fees, and costs, and then to the payment of principal. Payment due hereunder shall be made at such place as the holder shall direct and upon payment in full, the holder hereof shall surrender this Certificate to the person making such payment, marking the same "paid in full," and shall deliver to the person making such payment an instrument in recordable form executed by the obligee hereof, such obligee's successor in interest or such obligee's assign (in which case written assignment hereof in recordable form shall also be delivered), releasing the lien of this Certificate on all assets encumbered hereby.

7. It is intended that the aforesaid lien of this Certificate shall be automatically perfected by the entry of the Receivership Order; provided, however, that notwithstanding the automatic perfection of the lien evidenced by this Certificate, the Receiver shall execute, in recordable form, such additional instruments as 54 Dyer reasonably requests in order to evidence and further perfect such lien.

8. This Certificate is issued under the authority of, and in accordance with, the

Receivership Order.

9. This Certificate is and shall be an obligation of the Receiver and his successor(s) as Receiver. Notwithstanding the foregoing, 54 Dyer understands and agrees that the Receiver or his Successor(s) shall have no personal liability with respect to the indebtedness evidenced by this certificate and that recourse to the payments due hereunder is limited to the assets of the Receivership estate.

10. This certificate shall not be obligatory for any purpose until signed by the Receiver.

11. 54 Dyer's loan set forth in this Certificate is contingent upon the signature of the Receiver on this Certificate.

Dated: July 11, 2022.

                                            J. Michael Issa
                                            Receiver

Dated: July 14, 2022.

                                            William P. Reid, authorized signatory on behalf of 54 Dyer, LP