**LAW OFFICES OF STEVEN A. FINK**
STEVEN A. FINK SBN 93762
13 Corporate Plaza Drive, Suite 150
Newport Beach, California 92660
Telephone: (949) 706-5900
Facsimile: (949) 706-5901
sfink@stevefinklaw.com
Attorneys for Defendants Adam Ambruso; Adam Ambruso
as Trustee of the Adam Ambruso Revocable Living Trust; Odin Group, LLC

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| 54 DYER LP, a Colorado Limited Parnership<br><br>Plaintiff,<br><br>vs.<br><br>ADAM AMBRUSO, Individually; ADAM AMBRUSO, as Trustee of the ADAM AMBRUSO REVOCABLE LIVING TRUST; ODIN GROUP, LLC; and DOES 1-10, inclusive,<br><br>Defendants, | Case No. 2:21-CV-09306-SVW-SK<br><br>*[The Hon. Stephen V. Wilson]*<br><br>**REPLY BRIEF IN SUPPORT OF MOTION TO SET ASIDE ENTRY OF DEFAULT**<br><br>Date: August 15, 2022<br>Time: 1:30 p.m.<br>Ctrm: 10A |

Defendants ADAM AMBRUSO, Individually; ADAM AMBRUSO, as Trustee of the ADAM AMBRUSO REVOCABLE LIVING TRUST, and ODIN GROUP, LLC ("AMBRUSO") submit this Reply Brief, as follows:

1

**REPLY BRIEF IN SUPPORT OF MOTION TO SET ASIDE ENTRY OF DEFAULT**

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    DEFENDANTS DID NOT ENGAGE IN ANY CULPABLE CONDUCT**.

"[A] defendant's conduct is considered culpable if he has received actual or constructive notice of the filing . . . **[*5]** and *intentionally* failed to answer." *City of Colton v. Am. Promotional Events*, No. EDCV 09-1864 PSG (SSx), 2014 U.S. Dist. LEXIS 199940, 2014 WL 12740640, at *2 (C.D. Cal. Aug. 15, 2014) (cleaned up). The Ninth Circuit has explained that "**in** this context the term 'intentionally' means that a movant cannot be treated as culpable simply for having made a conscious choice not to answer; rather, to treat a failure to answer as culpable, the movant must have acted with bad faith, such as an 'intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process.'" *Mesle*, 615 F.3d at 1092 (quoting *TCI Grp. Life **Ins**. Plan v. Knoebber*, 244 F.3d 691, 697 (9th Cir. 2001)).

Plaintiff has not shown any bad faith ion the part of Defendants.  Plaintiff has not been taken advantage of as Defendants have actively participated in the litigation.  Defendants have not delayed the litigation as Plaintiff has requested an extension of "180 days to permit the Receiver to carry out his mandate of obtaining the best fair market price for the Investment Property and to apprise the Court of the Receiver's ongoing efforts. (See DOCKET No. 67, Response of 54 Dyer to Court's OSC.)

II. DEFENDANTS **HAVE A MERITORIOUS DEFENSE TO THE COMPLAINT**

"The burden for satisfying the 'meritorious defense' requirement is minimal." *Colton*, 2014 U.S. Dist. LEXIS 199940, 2014 WL 12740640, at *3. Defendant must only "allege sufficient facts that, if true, would constitute a defense." *Mesle*, 615 F.3d at 1094. That is

2

**REPLY BRIEF IN SUPPORT OF MOTION TO SET ASIDE ENTRY OF DEFAULT**

because "the question whether the factual allegation is true is not to be determined by the court when it decides the motion to set aside the default. Rather, that question would be the subject of the later litigation." *Id.*  Defendants have alleged that the loan was usurious and that Plaintiff's failure to fund the loan timely led to the default on the loans.  See, (DOCKET 63-2, Twenty-Fifth and Twenty-Sixth Affirmative Defenses re usury)

### III. **SETTING ASIDE THE DEFAULT DOES NOT PREJUDICE PLAINTIFF**.

The only prejudice claimed by Plaintiff In their opposition is "strategic dawdling …postponing recovery and costing 54 Dyer time and attorneys' fees." (DOCKET 68 page 6, lines 17-18).  This claim is refuted by Plaintiff's own request to delay the litigation by 180 days for reasons not related to Defendants' actions as set forth above.

> "To be prejudicial, the setting aside of a judgment must result in greater harm than simply delaying resolution of the case. Rather, the standard is whether plaintiff's ability to pursue his claim will be hindered." *TCI Grp.*, 244 F.3d at 701.

There is no disadvantage to Plaintiff beyond that suffered by any party that loses a quick victory. See *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1225 (9th Cir. 2000).   The Court's discretion is especially broad where it is entry of default being set aside rather than a default judgment.  *Mendoza v. Wight Vineyard Mgmt.*, 783 F.2d 941, 945 (9th Cir. 1986)

### IV. **CONCLUSION**

For the reasons set forth above, Defendants respectfully request that the Court grant the instant Motion, set aside the entry of default entered against it on April 8, 2021, 2021 (Docket No. 59.) Defendants also request that the Answer to the Complaint be deemed filed and served.

3

**REPLY BRIEF IN SUPPORT OF MOTION TO SET ASIDE ENTRY OF DEFAULT**

|   |   |
|---|---|
|   | Respectfully submitted, |
|   | LAW OFFICES OF STEVEN A. FINK |
| Dated: August 7, 2022    By: | */s/ Steven A. Fink* |
|   | Steven A. Fink, Esq. |
|   | Attorneys for Defendants |

4

**REPLY BRIEF IN SUPPORT OF MOTION TO SET ASIDE ENTRY OF DEFAULT**

## PROOF OF SERVICE
[1013a (3) CCP Revised 06/01/05]

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is: 13 Corporate Plaza Drive, Suite 150, Newport Beach, California 92660.

On August 7, 2022 I served the foregoing document described as: **Reply Brief re:Motion to Set Aside Default** thereon on all interested parties in this action by addressing a [x] true copy [] original of the above document as follows:

MICHAEL R. LESLIE                    Attorneys for Plaintiffs
mleslie@kslaw.com
KING & SPALDING LLP
633 WEST 5TH STREET, SUITE 1600
LOS ANGELES, CA  90071
213-443-4355

[]  **BY MAIL -** As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Newport Beach, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[x]  **VIA E-MAIL** the receipt of which was confirmed by such means as were reasonably calculated to ensure actual receipt by the recipient of the document.

[]  **BY PERSONAL DELIVERY** - I caused such envelope to be hand delivered to the offices of the addressee.

Executed on August 7, 2022 at Newport Beach, California.

[X]    (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_____/s/_____
STEVEN A. FINK
sfink@stevefinklaw.com

**REPLY BRIEF IN SUPPORT OF MOTION TO SET ASIDE ENTRY OF DEFAULT**