UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-09306-SVW-SK | Date | August 22, 2022 |
|---|---|---|---|
| Title | 54 Dyer LP v. Adam Ambruso et al. | | |

Present: The Honorable  STEPHEN V. WILSON, U.S. DISTRICT JUDGE

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:**   ORDER DENYING MOTION TO SET ASIDE DEFAULT [63]

    This breach of contract case arises out of a loan Plaintiff 54 Dyer ("Plaintiff") made to Defendants Adam Ambruso, who is sued as an individual and as Trustee of the Adam Ambruso Revocable Living Trust, and Odin Group LLC ("Defendants") for construction of a luxury investment property.

    After the case was filed, Plaintiff brought a motion for appointment of a receiver for Defendants' property. *See* ECF No. 18. The Court granted Plaintiff's motion in part and appointed a receiver. *See* ECF No. 54. Defendants also brought a motion to dismiss Plaintiff's complaint, which the Court granted in part because portions of the complaint improperly pleaded certain procedural doctrines as substantive causes of action. *See id.* The Court issued its order on March 21, 2022. *Id.*

    On March 31, 2022, Plaintiff informed Defendants that it would rest on its initial complaint as filed. *See* Declaration of Michael R. Leslie ("Leslie Decl.") ¶ 5, ECF No. 58; *see also id.* Ex. A, ECF No. 58-1. Pursuant to Fed. R. Civ. P. 12(a)(4), Defendants were required to file an answer to the complaint on or before April 4, 2022.

    Defendants did not file their answer as required. Accordingly, on April 7, 2022, 54 Dyer requested that the Clerk enter default against Defendants. ECF No. 58. On April 8, 2022, the Clerk entered default. ECF No. 59. Nearly three months later, on July 11, 2022, Defendants filed the instant motion to set aside default. ECF No. 63.

    Federal Rule of Civil Procedure 55 permits a court to set aside an entry of default for "good cause." Fed. R. Civ. P. 55(c). "To determine 'good cause,' a court must 'consider[] three factors: (1) whether [the party seeking to set aside the default] engaged in culpable conduct that led to the default; (2) whether [it] had [no] meritorious defense; or (3) whether reopening the default judgment would prejudice' the other

                                                                                                                                                                     :

Initials of Preparer     PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-09306-SVW-SK | Date | August 22, 2022 |
|---|---|---|---|
| Title | *54 Dyer LP v. Adam Ambruso et al.* | | |

party." *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010) (quoting *Franchise Holding II, LLC v. Huntington Rests. Grp., Inc.*, 375 F.3d 922, 925-26 (9th Cir. 2004)) (alterations in original). This standard is disjunctive, "such that a finding that any one of these factors is true is sufficient reason for the district court to refuse to set aside the default." *Mesle*, 615 F.3d at 1091. However, the choice to set aside default even if one or more of the factors is met is within the court's discretion. *See Brandt v. Am. Bankers Ins. Co. of Fla.*, 653 F.3d 1108, 1111-12 (9th Cir. 2011) ("A district court may exercise its discretion to deny relief to a defaulting defendant based solely upon a finding of defendant's culpability, but need not.").

However, the Ninth Circuit has cautioned that "judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." *Mesle*, 615 F.3d at 1091 (quoting *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984)).

As to the first factor, "a defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and *intentionally* failed to answer." *Mesle*, 615 F.3d 1085 at 1092 (emphasis in original). "[I]n this context the term 'intentionally' means that a movant cannot be treated as culpable simply for having made a conscious choice not to answer; rather, to treat a failure to answer as culpable, the movant must have acted with bad faith, such as an 'intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process.'" *Id.* (citations omitted). The Ninth Circuit has "typically held that a defendant's conduct was culpable for purposes of the [good cause] factors where there is no explanation of the default inconsistent with a devious, deliberate, willful, or bad faith failure to respond." *Id.* (citations omitted).

Defendants offer no explanation for their failure to respond. Defendants' motion states that Mr. Fink mistakenly believed his answer was due on April 10, 2022—but this does not explain why he took no action for over three months after the Clerk entered default. In their reply, Defendants assert simply that "Plaintiff has not shown any bad faith [on] the part of Defendants. Plaintiff has not been taken advantage of as Defendants have actively participated in the litigation." *See* Reply, at 2. Again, however, Defendants offer no explanation for their delay. Because the burden of setting aside default rests with Defendants, the absence of any explanation strongly weighs in favor of a finding of culpable conduct.

Moreover, Defendants' conduct in light of the Court's Receivership order suggests their intent to "take advantage of [Plaintiff], interfere with judicial decisionmaking, or otherwise manipulate the legal process." *Mesle*, 615 F.3d at 1092. For example, Defendants stated that Defendant Ambruso was living in the Property, but when the Receiver arrived at the Property, he discovered that a tenant was living there pursuant to an undisclosed lease. Moreover, Defendants failed to turn over to the Receiver

: _____

Initials of Preparer     PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-09306-SVW-SK | Date | August 22, 2022 |
|---|---|---|---|
| Title | *54 Dyer LP v. Adam Ambruso et al.* | | |

approximately $400,000 of proceeds from rental income. And Defendants only provided the Receiver with partial bank records, despite various requests and a Court order requiring complete disclosure. Defendants do not address this conduct in their motion to set aside default. Taken with the lack of any explanation for their failure to answer Plaintiff's complaint, the Court concludes that the first factor weighs in favor of denying Defendants' motion to set aside default.

As to the second factor, "[a] defendant seeking to vacate a default judgment must present specific facts that would constitute a defense. But the burden on a party seeking to vacate a default judgment is not extraordinarily heavy." *Mesle*, 615 F.3d at 1094 (citation omitted). "All that is necessary to satisfy the 'meritorious defense' requirement is to allege sufficient facts that, if true, would constitute a defense: 'the question whether the factual allegation [i]s true' is not to be determined by the court when it decides the motion to set aside the default. [] Rather, that question 'would be the subject of the later litigation.'" *Id.*

Here, Defendants assert that "the loans were usurious" and that "Plaintiff's failure to timely fund Defendants damaged led to the default on the loans." *See* Mot., at 5. Defendants' reply cites two affirmative defenses from their proposed Answer, the Twenty-Fifth and Twenty-Sixth Affirmative Defenses, which provide:

> [25.] Plaintiffs loan is usurious as the Loan Agreement, the original Note and the Amended and Restated Promissory Note provide for interest at the rate of Seventeen percent (17%.) As such, Plaintiffs are not entitled to any interest on the loan. []
>
> [26.] Any and all damages suffered by Plaintiffs should be offset by the interests payments made by Defendants in the amount of $252,235.36 and the Origination fee of $31,900.00.

*See* Proposed Answer, ECF No. 63-2.

Without more, the Court cannot conclude that Defendants' motion, reply, or proposed Answer include any facts to suggest that they have a "meritorious defense." *See Mesle*, 615 F.3d at 1094. Defendants' affirmative defense for "offset" includes no facts. California's complex usury laws also provide that "whether a business transaction is usurious depends on its own facts, with the presumption against the existence of usury." *Fox v. Peck Iron & Metal Co.*, 25 B.R. 674, 690 (Bankr. S.D. Cal. 1982) (citing *Stafford-Lewis v. Wain*, 128 Cal. App. 2d 614, 621 (1954)). Despite the "minimal nature of the burden" Defendants are "supposed to carry" at this stage, Defendants' bare legal conclusions are insufficient to state a "meritorious defense." *Mesle*, 615 F.3d at 1094.

:

Initials of Preparer    PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-09306-SVW-SK | Date | August 22, 2022 |
|---|---|---|---|
| Title | *54 Dyer LP v. Adam Ambruso et al.* | | |

Finally, the third factor requires a showing that setting aside entry of default would prejudice Plaintiff. *See Mesle*, 615 F.3d at 1095. "To be prejudicial, the setting aside of a judgment must result in greater harm than simply delaying resolution of the case." *Id.* (internal citation omitted). Such harms can include "loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion." *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 701 (9th Cir. 2001), *as amended on denial of reh'g and reh'g en banc* (May 9, 2001), *overruled in part on other grounds as recognized in Rancho Mountain Properties, Inc. v. Gray*, 578 Fed. App'x. 662, 663 (9th Cir. 2014).

Here, Plaintiff contends that, in addition to delaying the resolution of the case, Defendants' non-compliance with the Court's Receivership Order suggests that Plaintiff may suffer additional potential prejudice. In essence, Plaintiff asks the Court to speculate that setting aside default "will reassure Defendants that their approach is working." *See* Opp'n, at 6. Without more of a "tangible" showing of prejudice, *see TCI Group*, 244 F.3d at 701, the Court is not persuaded that this factor weighs in Plaintiff's favor.

Nevertheless, considering the three *Mesle* factors together, the Court concludes that Defendants have not met their burden to show why setting aside entry of default is appropriate in this case. Defendants neither attempt to offer a reasonable explanation for their delay—claiming that a three-month failure to answer is the result of defense counsel's mistaken belief that the answer was due six days later than it was—nor plead any facts suggesting that they have a meritorious defense. Despite the strong public policy preference of deciding cases on the merits whenever possible, *see Mesle*, 615 F.3d at 1091, the Court concludes that Defendants' motion must be DENIED.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | PMC |